# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-08281-RGK (MRWx) | Date | November 21, 2017 |
|---|---|---|---|
| Title | *NASH v. ORBITAL ATK, et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|

| Sharon L. Williams (Not Present) | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS) Order Remanding Action to State Court**

    On October 13, 2017, Kristofer Nash ("Plaintiff") filed suit against Orbital ATK ("Defendant"). In his Complaint, Plaintiff asserts state claims for wrongful termination and discrimination on the basis of race. On November 14, 2017, Defendant removed the action to this Court alleging diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

    Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). Defendant adequately shows that the parties are citizens of different states. However, Defendant attempts to show that the amount in controversy exceeds $75,000, but does not succeed on the facts alleged.

    To support its removal of the action, Defendant primarily relies on a settlement demand made by Plaintiff for $195,000. The Ninth Circuit has held that a settlement letter is relevant evidence of the amount in controversy, for purposes of diversity jurisdiction, but only if appears to reflect a reasonable estimate of the plaintiff's claim. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Here, as Defendant points out, the Complaint alleges that Plaintiff was earning $54,000 per year at the time of his termination, on July 12, 2017. Defendant also points out that Plaintiff further seeks lost benefits, future wages, emotional distress damages, punitive damages, and attorney's fees. As to lost benefits, no evidence has been introduced. Moreover, at this stage of litigation, future wages and emotional distress damages are too speculative absent further facts. So too are punitive damages and attorney's fees.[1] In

---

[1] As to attorney's fees, district courts within the Ninth Circuit are split with respect to including prospective attorneys' fees in the amount in controversy, and some courts have declined to do so. *See, e.g.*, *MIC Philberts Invs.v. Am. Cas. Co of Reading, Pa.*, 2012 WL 2118239 at *5 (E.D. Cal. June 11,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-08281-RGK (MRWx) | Date | November 21, 2017 |
|---|---|---|---|
| Title | *NASH v. ORBITAL ATK, et al* | | |

light of Plaintiff's most recent annual earnings and the speculative nature of the remaining amounts, the Court finds that the settlement demand does not reflect a reasonable estimate of Plaintiff's claim.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

:

Initials of Preparer

---

2012). In those cases, the courts have found that attorneys' fees are in the control of the client and counsel and may be avoided or accrue over years, depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, 2014 WL 2608209 at *3 (W.D. Wash. June 11, 2014). The Court finds those holdings well-reasoned and finds that prospective attorneys' fees are too speculative for inclusion into amount in controversy.